IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COURTNEY PERKINS,<br><br>Plaintiff,<br><br>vs.<br><br>KELLOGG'S,<br><br>Defendant. | 8:23CV127<br><br>MEMORANDUM AND ORDER |

Before the Court is Plaintiff's motion to proceed in forma pauperis (the "IFP Motion"). Filing No. 2. After reviewing Plaintiff's affidavit in support of her IFP Motion, the Court finds that it needs more information to make an informed decision as to Plaintiff's eligibility to proceed IFP.

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). This section is intended to provide indigent litigants with meaningful access to the courts. *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). Thus, § 1915 authorizes suits without the prepayment of fees and costs for indigent litigants. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

However, "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dept. Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984). In other words,

> [a]n applicant need not prove that she is absolutely destitute to enjoy the benefit of the in forma pauperis statute; rather, she must demonstrate that because of her poverty she cannot pay or give security for the costs of the action and still be able to provide herself and dependents with the necessities of life.

*Fitzsimmons v. Wagner*, No. 3:15-CV-18, 2015 WL 12834379, at *1 (S.D. Iowa Feb. 10, 2015) (cleaned up) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458–59 (8th Cir. 2000)).

Here, Plaintiff's IFP Motion omits information necessary for the Court to evaluate her financial status. First, while Plaintiff attests that she earns approximately $2,800 monthly from disability payments and she itemizes some of her personal expenses, totaling $1,580, with an additional $1,500 to $2,000 in expenses related to providing for her son, she also lists other expenses as "hospital bills, child support, insurance, [and] bank loans" but does not list her monthly liabilities for each. Filing No. 2 at 2. Second, she lists having $8,500 in a bank account, which indicates she currently has on hand the funds to pay the relatively modest filing fee associated with filing a claim in federal court. *Id.* Therefore, as the Court does not have a complete understanding of Plaintiff's financial situation, the Court cannot determine whether Plaintiff has the ability to prepay fees and costs associated with initiating her civil action.

IT IS ORDERED that:

1. The IFP Motion, Filing No. 2, is denied without prejudice.

2. Within 30 days of the date of this Memorandum and Order, Plaintiff shall either re-submit a revised IFP Motion providing the Court with specific information about any monthly expenses relating to the hospital bills, child support, insurance, and bank loans listed in her application as well as any other monthly liabilities she may have as well as provide an explanation as to why her assets are insufficient to pay the filing fee associated with this case, or pay the $402.00 filing fee associated with this case.

3. Plaintiff is informed that no further action will take place in this case until a revised IFP Motion is submitted or the filing fee is paid.

4. Failure to comply with this order will result in this matter being dismissed without prejudice and without further notice.

5. The Clerk of the Court is directed to mail Plaintiff a blank Form AO 239 Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) and to set a pro se case management deadline in this matter with the following text: **May 5, 2023**: deadline for revised IFP Motion or payment of $402.00 filing fee.

Dated this 6th day of April, 2023.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Court